# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Benjamin Craig Coleman, ) | |
| ) | Civil Action No.: 3:18-cv-01619-JMC |
| Plaintiffs, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Scott Ryan Webeck, Hansa Meyer Heavy ) | |
| Haul & Rigging USA LLC, & John Doe, ) | |
| ) | |
| Defendants. ) | |

Currently before the court is the Uninsured Motorist Carrier American Southern Insurance Company's ("ASIC") Motion for Summary Judgment. (ECF No. 40.) Neither Plaintiff Benjamin Craig Coleman nor the above-captioned Defendants have offered any Response. For the following reasons, the court **GRANTS** in part and **DENIES** in part the Motion for Summary Judgment. (*Id.*)

## I.     RELEVANT FACTUAL AND PROCEDURAL BACKRGOUND

This case arises from a car accident. Plaintiff, an employee of "the State of South Carolina Transport Police," alleges that in June 2016 he was "escort[ing] [an] oversized load" carried by Defendant Webeck, which took up two lanes of traffic on the highway. (ECF No. 22 at 2-3.) During the escort, Plaintiff claims that

> a dark colored Jeep, driven by an unknown driver, hereinafter referred to as John Doe, drove around the escort vehicles into the path of Plaintiff and Defendant's vehicles. Plaintiff pulled ahead from the convoy and slowed then stopped his vehicle to block John Doe from continuing to approach, while chirping his sirens to direct John Doe to pull out of the roadway and alert others on the roadway that there was danger ahead. The John Doe driver ultimately complied.

(*Id.* at 3.) Unfortunately, Plaintiff states that "Defendant Webeck failed to apply his brakes and rear-ended Plaintiff's vehicle, violently striking Plaintiff with the heavy force of his oversized

1

load." (*Id.*) At the time of the accident, Plaintiff alleges that Defendant Webeck was employed by Defendant Hansa Meyer Heavy Haul & Rigging USA LLC ("Hansa Meyer"). (*Id.* at 1-2)

Plaintiff thereafter brought the instant action for claims of negligence and negligent hiring, supervision, retention, and training against Defendants. (*Id.* at 3-8.) Defendants then removed the case to the instant United States District Court. (ECF No. 1.) Defendants Webeck and Hansa Meyer filed cross claims against Defendant Doe. [(ECF No. 25 at 10-12.) ASIC filed its Motion for Summary Judgment in April 2020, alleging Plaintiff had not complied with the requirements of S.C. Code § 38-77-170 (1989) and thus failed to establish a claim against Defendant Doe. (ECF No. 40 at 1.) No party offered a Response to the Motion.

## II.    JURISDICTION

A federal district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a). Section 1332 requires complete diversity between all parties. *Strawbridge v. Curtiss*, 7 U.S. 267, 267 (1806). Complete diversity requires that "no party shares common citizenship with any party on the other side." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999) (citing *Strawbridge*, 7 U.S. at 267). Based upon the pleadings, it appears the court has jurisdiction over this matter because parties are fully diverse and the amount in controversy exceeds $75,000. (ECF No. 1.)

## III.    LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-moving party to set

2

forth specific facts showing that there is a genuine issue of material fact for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

When considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under governable law will properly preclude the entry of summary judgment." *Id.* at 248. Further, to show that a genuine issue of material fact exists, the non-moving party must set forth facts beyond "[t]he mere existence of a scintilla of evidence." *Id.* at 252. The non-moving party must present evidence sufficient to demonstrate that a reasonable jury could return a verdict for the non-moving party in order to avoid summary judgment. *See id.* at 248.

## IV.   ANALYSIS

ASIC seeks to dismiss the claims against Defendant Doe because Plaintiff failed to provide a sworn affidavit by a witness in violation of S.C. Code § 38-77-170.[1] (ECF No. 40-1 at 3-7.) ASIC likewise asks the court to dismiss the cross claims against Defendant Doe because such claims derive from Plaintiff's claims. (*Id.* at 7-8.) The court examines each argument in turn.

South Carolina Statute sets forth the "[c]onditions to sue or recover under [the] uninsured motorist provision when [an] owner or operator of motor vehicle causing injury or damage is unknown." S.C. Code § 38-77-170. In relevant part, the statute states:

[T]here is no right of action or recovery under the uninsured motorist provision,

---

[1] ASIC specifically requests that the court "dismiss . . . Plaintiff's Complaint and the [c]ross-[c]laims of Defendants Webeck and Hansa Meyer with prejudice." (ECF No. 40-1 at 8.) However, in its Motion, ASIC does not contend Plaintiff's claims against Defendants Webeck and Hansa Meyer should be dismissed. Further, as noted above, no other party has responded to the instant Motion or argued for or against the dismissal of other claims. The court accordingly declines to dismiss the Complaint in its entirety.

3

> unless:
>
> . . .
>
> the injury or damage was caused by physical contact with the unknown vehicle, or the accident must have been witnessed by someone other than the owner or operator of the insured vehicle; provided however, the witness must sign an affidavit attesting to the truth of the facts of the accident contained in the affidavit[.]

*Id.* A failure to meet the affidavit requirement is fatal to a claim under this statute. *See Collins v. Doe,* 352 S.C. 462, 469-70 (2002) (sworn witness testimony at trial did not meet the affidavit requirement); *Shealy v. Doe*, 370 S.C. 194, 205 (Ct. App. 2006) ("[T]he affidavit of the independent witness must contain some independent evidence that an unknown vehicle was involved in the accident.").

Here, it is undisputed that Plaintiff did not make "physical contact with the unknown vehicle" he alleges contributed to the accident, and no "affidavit attesting to the truth of the facts of the accident" has been produced. S.C. Code § 38-77-170. Further, any potential attempt by Plaintiff to provide an affidavit now—over four years after the accident—would be futile, as Plaintiff had no right to initially bring this matter before the court without one. *Collins*, 352 S.C. at 467 ("Without a sworn affidavit, a plaintiff has no right of action. In other words, without the affidavit, she has no right to bring her case to court."); *see also Delebreau v. Bayview Loan Servicing, LLC*, 680 F.3d 412, 415 (4th Cir. 2012) (explaining "the ultimate purpose of a statute of limitations is to ensure that causes of action be brought within a reasonable period of time"). Plaintiff's claim against Defendant Doe must therefore be dismissed.

Next, the court dismisses the cross claims of Defendants Webeck and Hansa Meyer because they derive from Plaintiff's claims for recovery against Defendant Doe. Specifically, the cross claims of Defendants Webeck and Hansa Meyer state that, "[t]o the extent Plaintiff has suffered any damages as a result of the accident, such damages are recoverable only against

Defendant John Doe," Defendant Doe must "indemnify them for any damages and costs associated with Plaintiff's Amended Complaint," and that Defendant Doe is otherwise "liable in equity to contribute proportionally to . . . liability so that Defendants Webeck and Hansa Meyer do not pay in excess of their proportionate share of liability, if any[.]" (ECF No. 25 at 10-12.) As Plaintiff's claim against Defendant Doe has been dismissed, the derivative cross claims for recovery against Defendant Doe must also be dismissed.[2]

### V.     CONCLUSION

For the foregoing reasons, the court **GRANTS** in part and **DENIES** in part the Motion for Summary Judgment. (ECF No. 40.) The court grants summary judgment on the following claims: Plaintiff's claim of "Negligence" against Defendant Doe (ECF No. 22 at 7-8); and Defendant Webeck's and Defendant Hansa Meyer's cross claims of "Proximate Cause," "Intervening and Superseding Negligence," "Equitable Indemnity," "Partial Equitable Indemnity," and "Contribution" against Defendant Doe (ECF No. 25 at 10-12). The following claims remain: Plaintiff's claims of "Negligence" and "Negligent Hiring, Supervision, Retention, and Training" against Defendant Webeck and Defendant Hansa Meyer. (ECF No. 22 at 3-6.) The court denies the request to dismiss the Complaint in its entirety, as Plaintiff's claims remain against Defendants Webeck and Hansa Meyer.

**IT IS SO ORDERED**.

*J. Michelle Childs*
United States District Judge

January 27, 2021
Columbia, South Carolina

---

[2] Relatedly, the court notes that Defendants Webeck and Hansa Meyer failed to comply with the requirements of S.C. Code § 38-77-170 by not producing a sworn affidavit of the accident by a witness.

5