# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Benjamin Craig Coleman, | ) |
| | ) Civil Action No.: 3:18-cv-01619-JMC |
| Plaintiffs, | ) |
| | ) |
| v. | ) **ORDER AND OPINION** |
| | ) |
| Scott Ryan Webeck, Hansa Meyer Heavy | ) |
| Haul & Rigging USA LLC, & John Doe, | ) |
| | ) |
| Defendants. | ) |

This matter is before the court upon Plaintiff Benjamin Craig Coleman's Motion for Reconsideration. (ECF No. 63.) Uninsured Motorist Carrier American Southern Insurance Company ("ASIC") has filed a Response in opposition to the Motion. (ECF No. 66.) For the reasons below, the court **DENIES** Plaintiff's Motion. (ECF No. 63.)

## I. FACTUAL BACKGROUND

This case arises from a car accident. Plaintiff, an employee of "the State of South Carolina Transport Police," alleges that in June 2016 he was "escort[ing] [an] oversized load" carried by Defendant Webeck, which took up two lanes of traffic on the highway. (ECF No. 22 at 2-3.) During the escort, Plaintiff claims that

> a dark colored Jeep, driven by an unknown driver, hereinafter referred to as John Doe, drove around the escort vehicles into the path of Plaintiff and Defendant's vehicles. Plaintiff pulled ahead from the convoy and slowed then stopped his vehicle to block John Doe from continuing to approach, while chirping his sirens to direct John Doe to pull out of the roadway and alert others on the roadway that there was danger ahead. The John Doe driver ultimately complied.

(*Id.* at 3.) Unfortunately, Plaintiff states that "Defendant Webeck failed to apply his brakes and rear-ended Plaintiff's vehicle, violently striking Plaintiff with the heavy force of his oversized

1

load." (*Id.*) At the time of the accident, Plaintiff alleges that Defendant Webeck was employed by Defendant Hansa Meyer Heavy Haul & Rigging USA LLC ("Hansa Meyer"). (*Id.* at 1-2.)

Plaintiff thereafter brought the instant action for claims of negligence and negligent hiring, supervision, retention, and training against Defendants. (*Id.* at 3-8.) Defendants then removed the case to this United States District Court. (ECF No. 1.) Defendants Webeck and Hansa Meyer filed cross claims against Defendant Doe. (ECF No. 25 at 10-12.)

ASIC filed a Motion for Summary Judgment in April 2020, alleging Plaintiff had not complied with the requirements of S.C. Code § 38-77-170 (1989) and thus failed to establish a claim against Defendant Doe. (ECF No. 40 at 1.) No party offered a response, and the court granted in part and denied in part the Motion. (ECF No. 60.) Specifically, the court granted summary judgment on all claims against Defendant Doe, including Plaintiff's claim and the cross claims of Defendants Webeck and Hansa Meyer, and denied the request to dismiss the Complaint in its entirety, as Plaintiff had claims remaining against Defendants Webeck and Hansa Meyer. (*Id.* at 5.)

Less than one week later, Plaintiff filed the instant Motion for Reconsideration. (ECF No. 63.) Plaintiff primarily contends he complied with § 38-77-170 and, for the first time, produces the affidavit of Retired Lance Corporal Thomas A. Sullivan in support of his claim. (*See* ECF No. 63-1.) ASIC has filed a Response opposing the Motion. (ECF No. 66.)

## II. JURISDICTION

A federal district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a). Section 1332 requires complete diversity between all parties. *Strawbridge v. Curtiss*, 7 U.S. 267, 267 (1806). Complete diversity requires

2

that "no party shares common citizenship with any party on the other side." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999) (citing *Strawbridge*, 7 U.S. at 267). Based upon the pleadings, it appears the court has jurisdiction over this matter because parties are fully diverse and the amount in controversy exceeds $75,000. (ECF No. 1.)

### III. LEGAL STANDARDS

Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, a court may "alter or amend [a] judgment if the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or manifest injustice." *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 407 (4th Cir. 2010) (citation omitted). It is the moving party's burden to establish one of these three grounds in order to obtain relief under Rule 59(e). *Loren Data Corp. v. GXS, Inc.*, 501 F. App'x 275, 285 (4th Cir. 2012). Ultimately, the decision whether to reconsider an order pursuant to Rule 59(e) is within the discretion of the district court. *See Hughes v. Bedsole*, 48 F.3d 1376, 1382 (4th Cir. 1995). Furthermore, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted). "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." FED. R. CIV. P. 59(e). "Rule 59(e) motions 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Melendez v. Sebelius*, 611 Fed. App'x. 762, 764 (4th Cir. 2015) (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008)).

### IV. ANALYSIS

The crux of Plaintiff's Motion for Reconsideration argues that he in fact complied with § 38-77-170. (ECF No. 63 at 4-10.) Plaintiff also posits that genuine disputes of material facts

3

remain, purportedly in part because "Defendants Webeck and Hansa Meyer have not fully complied with discovery." (*Id.* at 2-3.) Lastly, Plaintiff insists his failure to respond to ASIC's Motion for Summary Judgment was excusable due to the pandemic and other personal issues related to counsel of record. (*Id.* at 1-2.)

To begin, the court examines a handful of initial matters raised by Plaintiff. Plaintiff failed to respond to the Motion for Summary Judgment or sufficiently justify this failure. While the court is sympathetic to the challenges facing attorneys, judges, and all others affected by the ongoing COVID-19 pandemic, Plaintiff's counsel's pandemic-related and personal proffered reasons simply do not justify failing to respond to a dispositive motion or taking other necessary action to avoid doing so. (*See id.* at 1-3.) Relatedly, the fact Plaintiff claims that Webeck and Hansa Meyer have not responded to discovery requests from 2019 is irrelevant to the instant Motion for Reconsideration.[1] Lastly, the court discerns no genuine dispute of material facts, despite Plaintiff's unspecific assertion to the contrary.

What remains is Plaintiff's contention that he complied with § 38-77-170. Even assuming Plaintiff's unexcused failure to respond to the Motion for Summary Judgment was not fatal to the instant Motion, Plaintiff cannot succeed under Rule 59(e).[2] There is no allegation of an intervening change of law. The previously-unproduced affidavit Plaintiff now offers to the court does not amount to "new evidence," as there is no indication it was not obtainable at any point during the

---

[1] Plaintiff claims discovery requests against Webeck and Hansa Meyer were served in May 2019 and were never answered. (ECF No. 63 at 3.) "Plaintiff has deferred subsequent depositions until said answers are provided[.]" (*Id.*) Plaintiff waited until February 5, 2021—the same date he filed the instant Motion for Reconsideration—to file a Motion to Compel responses to these requests, stating he did so "as a result of the pandemic, as well as deference to [defense counsel's] stroke and recovery." (ECF Nos. 63 at 3, 65.)

[2] Plaintiff does not specify under which prong of Rule 59(e) he seeks reconsideration.

last 4.5 years since the accident.³ Thus, the only potential avenue available to him is if the court committed "a clear error of law or manifest injustice." *Robinson*, 599 F.3d at 407.

In essence, Plaintiff provides an affidavit that is vital for him to demonstrate compliance with § 38-77-170 for the first time in his Motion for Reconsideration, and then insists Rule 59(e) warrants reconsideration because the court analyzed the prior Motion for Summary Judgment without considering the then-unproduced affidavit. To support this theory, Plaintiff argues there is simply no explicit time limit for which he needed file this affidavit. (ECF No. 63 at 9.) Plaintiff relatedly claims there is no "requirement that the affidavit must be filed prior to the expiration of the statute of limitations." (*Id.* at 8.)

South Carolina Statute sets forth the "[c]onditions to sue or recover under [the] uninsured motorist provision when [an] owner or operator of motor vehicle causing injury or damage is unknown." S.C. Code § 38-77-170. In relevant part, the statute states:

> [T]here is no right of action or recovery under the uninsured motorist provision, unless:
>
> . . .
>
> the injury or damage was caused by physical contact with the unknown vehicle, or the accident must have been witnessed by someone other than the owner or operator of the insured vehicle; provided however, the witness must sign an affidavit attesting to the truth of the facts of the accident contained in the affidavit[.]

*Id.* A failure to meet the affidavit requirement is fatal to a claim under this statute. *See Collins v. Doe,* 574 S.E.2d 739, 742-43 (S.C. 2002) (sworn witness testimony at trial did not meet the affidavit requirement); *Shealy v. Doe*, 634 S.E.2d 45, 51 (S.C. Ct. App. 2006) ("[T]he affidavit

---

³ Indeed, the parties agree that Plaintiff sent the affidavit to ASIC *after* ASIC filed the Motion for Summary Judgment and *before* the court had ruled. (ECF No. 63 at 1-2.) Plaintiff claims there was some delay in filing the affidavit with the court because Plaintiff initially failed to include certain language in the affidavit that was required by statute and because, at some point, Trooper Sullivan retired. (*Id.*)

of the independent witness must contain some independent evidence that an unknown vehicle was involved in the accident.").

Here, the court must deny Plaintiff's Motion for Reconsideration. It is undisputed that Plaintiff did not make "physical contact with the unknown vehicle" he alleges contributed to the accident. Moreover, while Plaintiff now produces an affidavit he purports "attest[s] to the truth of the facts of the accident" as required under § 38-77-170, the court finds this affidavit is untimely. As the court previously explained,

> any potential attempt by Plaintiff to provide an affidavit now—over four years after the accident—would be futile, as Plaintiff had no right to initially bring this matter before the court without one. [*Collins*, 574 S.E.2d at 741] ("Without a sworn affidavit, a plaintiff has no right of action. In other words, without the affidavit, she has no right to bring her case to court."); *see also Delebreau v. Bayview Loan Servicing, LLC*, 680 F.3d 412, 415 (4th Cir. 2012) (explaining "the ultimate purpose of a statute of limitations is to ensure that causes of action be brought within a reasonable period of time").

(ECF No. 60 at 4.)

Even assuming Plaintiff is somehow correct and an affidavit is not required at the time of filing the case, the court finds that Plaintiff's production of the affidavit here—after he failed to respond to ASIC's Motion for Summary Judgment challenging the lack of an affidavit, months after he apparently responded to discovery requests (*cf.* ECF No. 63 at 3), nearly three years after filing the case (*see* ECF No. 1-1 at 7), and over 4.5 years after the accident occurred—is surely untimely.[4] *See Collins* 574 S.E.2d at 743 (explaining, *inter alia*, "the affidavit constitutes tangible evidence that the insured has a good faith basis *for making the claim*" and provides "the defendant-insurer with information relating to the validity of the plaintiff's case" (emphasis added)); *see also Brown v. Allstate Prop. & Cas. Ins. Co.*, 184 F. Supp. 3d 1326, 1333 (M.D. Ala. 2016), *judgment*

---

[4] As Plaintiff did not comply with § 38-77-170(2), the court does not reach whether he complied with § 38-77-170(3).

*entered*, No. 2:15-CV-0488-WHA, 2016 WL 1737745 (M.D. Ala. May 2, 2016) ("[T]he affidavits initially submitted to Allstate [before filing suit] did not conform with the mandatory requirements of the statute, and . . . the amended affidavits [filed after the suit commenced] were untimely.").[5]

In sum, Plaintiff's arguments have not shown that the court committed a clear error of law or manifest injustice, or that Plaintiff is otherwise entitled to relief under Rule 59(e). The court has carefully reviewed these assertions and concludes Plaintiff's Motion for Reconsideration must be denied.

## V. CONCLUSION

After careful consideration, the court **DENIES** Plaintiff's Motion for Reconsideration. (ECF No. 63.)

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

February 26, 2021
Columbia, South Carolina

---

[5] The court in *Brown* further explained that "[a]llowing an affidavit which does not contain the mandatory elements to be amended at a point after suit has commenced would be in derogation of the purposes of the statute, as defined by the Supreme Court of South Carolina, particularly the purposes of providing a good faith basis for making the claim, and notice of the factual information in assessing and evaluating the claim *before being subjected to a suit*." 184 F. Supp. 3d at 1333 (emphasis added).